UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

CHARLIE BUTLER,

        Plaintiff,

v.

FLY LOW, INC., d/b/a KING OF
DIAMONDS, a Florida Corporation; AK "N"
ELI, LLC d/b/a KING OF DIAMONDS, a
Florida Limited Liability Company;
KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual,

        Defendants.
_____

## COMPLAINT

Plaintiff, CHARLIE BUTLER ("Butler" or "Plaintiff"), sues the Defendants, FLY LOW,

INC., d/b/a KING OF DIAMONDS, a Florida Corporation ("Fly Low"); AK "N" ELI, LLC

d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC,

LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER,

an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK"

FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams")

(collectively referred herein as "Defendants"), and alleges as follows:

1

## NATURE OF ACTION

1.      This is an action to recover money damages for straight wages and retaliation under Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act") and for interference under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4), 28 U.S.C. § 2617 and 29 U.S.C. § 216.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Butler occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of Butler are stored or have been administered in Miami-Dade County.

## PARTIES

4.      At all times material, Butler was and is a resident of Miami-Dade County, Florida.

5.      At all times material, Butler is a covered employee for purposes of the Act.

6.      At all times material to this Complaint, Butler was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7.      At all times material, Defendants owned and operated "King of Diamonds," a gentlemen's club located in Miami.

8.      At all times material, Fly Low is a Florida Corporation having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

9.      At all times material, Fly Low was an "employer" as defined by the FMLA, 29 U.S.C.§ 2611(4).

10.     AK is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

11.     At all times material, AK was an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

12.     KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

13.     At all times material, KODRENYC was an "employer" as defined by the FMLA, 29 U.S.C.§ 2611(4).

14.     AK and KODRENYC share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  AK and KODRENCY are an integrated enterprise.  Alternatively, each company is an enterprise under the Act.

15.     AK and KODRENYC also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.  AK and KODRENYC are joint employers.  Alternatively, each company is an enterprise under the Act.

16.     Kunstlinger, upon information and belief, resides in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" for Butler's period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Butler's wages and controlled Butler's work and schedule; issued disciplinary warnings and directly supervised

all employees, including Butler; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Butler's employer as defined by 29 U.S.C. 203 (d).

17.     Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds."  Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Butler's wages and controlled Butler's work and schedule, issued disciplinary warnings and directly supervised all employees, including Butler and was therefore, Butler's employer as defined by 29 U.S.C. 203 (d).

18.     Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.  Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Butler's employer as defined by 29 U.S.C. 203 (d).

19.     Adams, upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamonds."  Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC.  Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire

employees, was responsible for paying Butler's wages and controlled Butler's work and schedule, issued disciplinary warnings and directly supervised all employees, including Butler and was therefore, Butler's employer as defined by 29 U.S.C. 203 (d).

### COUNT I: WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FLY LOW

20.    Butler re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21.    This action is brought by Butler to recover from Fly Low unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.* and specifically under the provisions of 29 U.S.C. §206.

22.    Fly Low is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

23.    Butler's work for Fly Low likewise affects interstate commerce. Fly Low employed Butler as a cashier, and through her daily activities, Butler regularly worked with goods that were moved across State lines at any time in the course of business. Butler was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Butler is a covered employee for the purpose of the Act.

24.    29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]. On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

5

25.     Fly Low employed Butler from approximately April 1, 2013 to October 24, 2014. For a period of twenty-six (26) weeks of her employment, Butler was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law.  Fly Low's wage payment practices to Butler for this time period did not meet the federal minimum wage law requirements as Butler was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

26.     The records, if any, concerning the number of hours actually worked by Butler and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Fly Low.  However, upon information and belief, Fly Low did not maintain accurate and complete time records of hours worked by Butler and other similarly situated employees.

27.     Fly Low violated the record keeping requirements of the Act.

28.     Prior to the completion of discovery and to the best of Butler's knowledge, at the time of the filing of this complaint, Butler's  good faith estimate of unpaid wages are as follows:

a. **Actual Damages:** $6,032.00

    i.  <u>Calculation</u>:
        $7.25 (minimum wage) x 32 hours (per week) x 26 (compensable weeks) = $6,032.00

b. **Liquidated Damages:** $6,032.00

c. **Total Damages:** $12,064.00 (actual damages plus liquidated damages as permitted by law) plus reasonable *attorneys' fees*.

29.     Fly Low unlawfully failed to pay Butler minimum wages for the hours and relevant time periods specified above.

30.     Fly Low knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and

remains owing Butler and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Butler and those similarly situated are entitled to recover double damages.

31.     Fly Low willfully and intentionally refused to pay Butler minimum wages as required by the law of the United States as set forth above and remains owing Butler these wages for the relevant time period of Butler's employment with "King of Diamonds."

32.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.     Enter judgment for Butler and other similarly situated and against Fly Low on the basis of the Fly Low's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and other Federal Regulations;

B.     Award Butler actual damages in the amount shown to be due for unpaid wages;

C.     Award Butler an equal amount in double damages/liquidated damages;

D.     Award Butler reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT II:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST AK

33.     Butler re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

34.    This action is brought by Butler to recover from AK unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

35.    AK is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

36.    Butler's work for AK likewise affects interstate commerce. AK employed Butler as a cashier, and through her daily activities, Butler regularly worked with goods that were moved across State lines at any time in the course of business. Butler was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Butler is a covered employee for the purpose of the Act.

37.    29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]. On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

38.    AK employed Butler from approximately April 1, 2013 to October 24, 2014.  For a period of twenty-six (26) weeks of her employment, Butler was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. AK's wage payment practices to Butler for this time period did not meet the federal minimum wage law requirements as Butler was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

39.     The records, if any, concerning the number of hours actually worked by Butler and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of AK.  However, upon information and belief, AK did not maintain accurate and complete time records of hours worked by Butler and other similarly situated employees.

40.     AK violated the record keeping requirements of the Act.

41.     Prior to the completion of discovery and to the best of Butler's knowledge, at the time of the filing of this complaint, Butler's  good faith estimate of unpaid wages are as follows:

    d.  **Actual Damages:** $6,032.00

        ii.  <u>Calculation</u>:
            $7.25 (minimum wage) x 32 hours (per week) x 26 (compensable weeks) = $6,032.00

    e.  **Liquidated Damages:** $6,032.00

    f.  **Total Damages:** $12,064.00 (actual damages plus liquidated damages as permitted by law) plus reasonable *attorneys' fees*.

42.     AK unlawfully failed to pay Butler minimum wages for the hours and relevant time periods specified above.

43.     AK knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Butler and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Butler and those similarly situated are entitled to recover double damages.

44.     AK willfully and intentionally refused to pay Butler minimum wages as required by the law of the United States as set forth above and remains owing Butler wages for the relevant time period of Butler's employment with "King of Diamonds."

45.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.      Enter judgment for Butler and other similarly situated and against AK on the basis of the AK's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.      Award Butler actual damages in the amount shown to be due for unpaid wages;

C.      Award Butler an equal amount in double damages/liquidated damages;

D.      Award Butler reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

**COUNT III:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KODRENYC**

46.     Butler re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

47.     This action is brought by Butler to recover from KODRENYC unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

48.     KODRENYC is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

49.     Butler's work for KODRENYC likewise affects interstate commerce. KODRENYC employed Butler as a cashier, and through her daily activities, Butler regularly worked with goods that were moved across State lines at any time in the course of business. Butler was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Butler is a covered employee for the purpose of the Act.

50.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]. On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

51.     KODRENYC employed Butler from approximately April 1, 2013 to October 24, 2014.  For a period of twenty-six (26) weeks of her employment, Butler was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. KODRENYC's wage payment practices to Butler for this time period did not meet the federal minimum wage law requirements as Butler was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

52.     The records, if any, concerning the number of hours actually worked by Butler and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of KODRENYC.  However, upon information and belief, KODRENYC did not maintain accurate and complete time records of hours worked by Butler and other similarly situated employees.

53.     KODRENYC violated the record keeping requirements of the Act.

54.     Prior to the completion of discovery and to the best of Butler's knowledge, at the time of the filing of this complaint, Butler's good faith estimate of unpaid wages are as follows:

g.  **Actual Damages:** $6,032.00

  iii.   Calculation:
         $7.25 (minimum wage) x 32 hours (per week) x 26 (compensable weeks) = $6,032.00

h.  **Liquidated Damages:** $6,032.00

i.  **Total Damages:** $12,064.00 (actual damages plus liquidated damages as permitted by law) plus reasonable *attorneys' fees*.

55.     KODRENYC unlawfully failed to pay Butler minimum wages for the hours and relevant time periods specified above.

56.     KODRENYC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Butler and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Butler and those similarly situated are entitled to recover double damages.

57.     KODRENYC willfully and intentionally refused to pay Butler minimum wages as required by the law of the United States as set forth above and remains owing Butler wages during the relevant time period of Butler's employment with "King of Diamonds."

58.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.      Enter judgment for Butler and other similarly situated and against KODRENYC on the basis of the KODRENYC's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and other Federal Regulations;

B.      Award Butler actual damages in the amount shown to be due for unpaid wages;

C.      Award Butler an equal amount in double damages/liquidated damages;

D.      Award Butler reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT IV:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KUNSTLINGER

59.      Butler re-adopts each and every factual allegation as stated in paragraphs 1-58 above as if set out in full herein.

60.      This action is brought by Butler to recover from Kunstlinger unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.* and specifically under the provisions of 29 U.S.C. §206.

61.      Kunstlinger was an employer of Butler and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Butler and others similarly situated.  Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" and had the power to hire and fire employees; determine salaries; was responsible for paying Butler's

wages and controlled Butler's work and schedule; issued disciplinary warnings and directly supervised all employees, including Butler; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds" day-to-day functions during the relevant time period and is therefore, jointly liable for Butler's damages.

62.     Kunstlinger is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

63.     Kunstlinger willfully and intentionally caused Butler not to receive minimum wages as required by the law of the United States as set forth above and remains owing Butler these wages for the relevant time period as set forth above.

64.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.     Enter judgment for Butler and other similarly situated and against Kunstlinger on the basis of the Kunstlinger's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Butler actual damages in the amount shown to be due for unpaid wages;

C.     Award Butler an equal amount in double damages/liquidated damages;

D.     Award Butler reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

**COUNT V:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ABRAHAM**

65.      Butler re-adopts each and every factual allegation as stated in paragraphs 1-58 above as if set out in full herein.

66.      This action is brought by Butler to recover from Abraham unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

67.      Abraham was an employer of Butler and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Butler and others similarly situated.  Abraham is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Butler's wages and controlled Butler's work and schedule, issued disciplinary warnings and directly supervised all employees and is therefore, jointly liable for Butler's damages.

68.      Abraham is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

69.     Abraham willfully and intentionally caused Butler not to receive minimum wages as required by the law of the United States as set forth above and remains owing Butler these wages for the relevant time period as set forth above.

70.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.      Enter judgment for Butler and other similarly situated and against Abraham on the basis of the Abraham's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.      Award Butler actual damages in the amount shown to be due for unpaid wages;

C.      Award Butler an equal amount in double damages/liquidated damages;

D.      Award Butler reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT VI:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FEINSOD

71.     Butler re-adopts each and every factual allegation as stated in paragraphs 1-58 above as if set out in full herein.

72.     This action is brought by Butler to recover from Feinsod unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

73.     Feinsod was an employer of Butler and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Butler and others similarly situated.  Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.  Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and who showed other signs of operational control over significant aspects of  "King of Diamonds" day-to-day functions and is therefore, jointly liable for Butler's damages.

74.     Feinsod is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

75.     Feinsod willfully and intentionally caused Butler not to receive minimum wages as required by the law of the United States as set forth above and remains owing Butler these wages for the relevant time period as set forth above.

76.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.     Enter judgment for Butler and other similarly situated and against Feinsod on the

basis of the Feinsod's willful violations of the Fair Labor Standards Act, 29 U.S.C. §

201 *et seq*. and other Federal Regulations;

B.      Award Butler actual damages in the amount shown to be due for unpaid wages;

C.      Award Butler an equal amount in double damages/liquidated damages;

D.      Award Butler reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Law.

### COUNT VII:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ADAMS

77.      Butler re-adopts each and every factual allegation as stated in paragraphs 1-58

above as if set out in full herein.

78.      This action is brought by Butler to recover from Adams unpaid minimum wages,

as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C.

§206.

79.      Adams was an employer of Butler and others similarly situated within the

meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted

directly or indirectly in the interests of "King of Diamonds" in relation to the employees of

"King of Diamonds", including Butler and others similarly situated.  Adams is a corporate

officer and/or owner and/or manager of the place of business known as "King of Diamonds."

Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and

KODRENYC.  Adams ran the day-to-day operations of "King of Diamonds" for the relevant

time period, had the power to hire and fire employees, was responsible for paying Butler's wages

and controlled Butler's work and schedule, issued disciplinary warnings and directly supervised all employees, including Butler and is therefore, jointly liable for Butler's damages.

80.     Adams is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

81.     Adams willfully and intentionally caused Butler not to receive minimum wages as required by the law of the United States as set forth above and remains owing Butler these wages for the relevant time period as set forth above.

82.     Butler has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Butler and those similarly situated request that this Honorable Court:

A.     Enter judgment for Butler and other similarly situated and against Adams on the basis of the Adams's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Butler actual damages in the amount shown to be due for unpaid wages;

C.     Award Butler an equal amount in double damages/liquidated damages;

D.     Award Butler reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT VIII: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

83.     Butler re-adopts each and every factual allegation as stated in paragraphs 1 through 82 above as if set out in full herein.

84.     Defendants willfully and intentionally refused to pay Butler her legally owed wages as required by the laws of the United States and remain owing Butler these wages as set forth above.

85.     29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

86.     Butler complained to Defendants about her unpaid wages.  In response to Butler's complaints, Defendants continued to withhold her wages and eventually terminated her on or about October 24, 2014.

87.     The motivating factors, which caused Butler's termination as described above, were the complaints seeking the payment of owed wages from the Defendants.  In other words, Butler would not have been terminated but for her complaint about unpaid wages.

88.     Defendants' termination of Butler was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Butler has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, Butler, requests that this Honorable Court:

A.      Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.      Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## COUNT IX: INTERFERENCE WITH FMLA RIGHTS – AGAINST FLY LOW, AK AND KODRENYC

89.      Butler repeats and re-alleges paragraphs 1-19 as if fully stated herein.

90.      Butler was an "eligible employee" and entitled to leave under the FMLA.

91.      Prior to her employment, Butler underwent open-heart surgery and required periodic scar revision surgeries.

92.      At all times material, Butler gave Fly Low, AK and KODRENYC proper notice to about her previous open-heart surgery and the need to undergo periodic scar revision surgery.

93.      In October 2014, Butler underwent scar revision surgery and needed to be hospitalized.

94.      Butler provided enough information for Fly Low, AK and KODRENYC to know that her potential leave may be covered by FMLA.

95.      Fly Low, AK and KODRENYC were aware that Butler needed time off to recover due to her medical condition.

96.      At all times material hereto, Butler communicated with Fly Low, AK and KODRENYC regarding her inability to return to work immediately because of her medical condition.

97.      Despite its knowledge of Butler's medical condition, Fly Low, AK and KODRENYC failed to notify Butler of her eligibility status and rights under the FMLA and failed to notify Butler whether her required leave was or could be designated as FMLA leave.

21

98.     Instead of informing Butler of her rights, Fly Low, AK and KODRENYC terminated Butler on October 24, 2014, for no cause.

99.     Fly Low, AK and KODRENYC interfered with Butler's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Butler demands judgment against Fly Low, AK and KODRENYC, as follows:

a.  Enter judgment in Butler's favor and against Fly Low, AK and KODRENYC for its violations of FMLA;

b.  Award Butler actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award Butler liquidated damages based on Fly Low, AK and KODRENYC's conduct;

d.  Award Butler prejudgment interest on her damages award;

e.  Award Butler reasonable costs and attorney's fees;

f.  Award Butler any further relief pursuant to the FMLA; and,

g.  Grant Butler such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff, Charlie Butler requests a trial by jury on all issues so triable.

Dated: January 5, 2015.

By:/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 15099
Email: ria@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549